# United States Court of Appeals for the Fifth Circuit

No. 22-20260
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 22, 2023

Lyle W. Cayce
Clerk

Doreatha Walker,

*Plaintiff—Appellant*,

*versus*

Harmony Public Schools, *also known as* Cosmos Foundation,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-3872

Before Smith, Dennis, and Southwick, *Circuit Judges*.

Per Curiam:*

In this employment discrimination action, the district court granted summary judgment to defendant, Harmony Public Schools. Reviewing the record de novo and in a light most favorable to Walker, we agree with the

---

* This opinion is not designated for publication. See 5th Cir. R. 47.5.

No. 22-20260

district court that there was no genuine dispute of fact. We affirm the district court's judgment.

**I.**

In August 2018, Harmony Public Schools hired Doreatha Walker as a science teacher. Walker is an African American woman. In Late February 2019, Walker began efforts to celebrate Black History Month with a parade. The principal informed Walker that due to testing the school did not have time for a parade that year. Walker then sent an email filing a discrimination grievance against the principal. The following day the principal called a meeting with all teachers involved in the parade. While Walker voiced her concerns, she was told about the school's three prong approach to Black History Month and provided with an alternative of hanging posters around the school. Walker accused the principal of calling the meeting in response to her grievance the day prior. Grievances were then filed against Walker. Harmony Public Schools then placed Walker on paid leave while they investigated the grievances. Walker returned to work two days later.

Thereafter, Harmony Public Schools received additional grievances regarding Walker. These grievances stated that other teachers felt harassed and alleged that Walker was creating a hostile work environment. Harmony Public Schools placed Walker on leave for a second time while they investigated the grievances made by and against Walker. As a result of the investigation, the area superintendent terminated Walker's employment, stating that Walker was "unnecessarily confrontational, threatening, and with the intent/effect of bullying and intimating coworkers," and that her conduct "created a toxic work environment, which was unacceptable" to the school. Harmony Public Schools formally terminated Walker on April 12, 2019 due to "misconduct."

No. 22-20260

Walker, proceeding pro se, sued Harmony Public Schools for racial discrimination and retaliation in violation of Title VII and 42 U.S.C. § 1981, as well as for violations of the Americans with Disabilities Act. The district court dismissed Walker's § 1981 claims and ADA claims as barred by sovereign immunity. Following discovery, both parties filed motions for summary judgment on Walker's remaining Title VII claims, which the district court granted as to Harmony Public Schools and denied as to Walker. Walker timely appealed the district court's summary judgment order. On appeal, she only challenges the disposition of her Title VII claims, of which there are three: racial discrimination, hostile work environment, and retaliation.

## II.

We review the district court's grant of summary judgment de novo and affirm if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Renfroe v. Parker*, 974 F.3d 594, 599 (5th Cir. 2020). A fact is material if it "might affect the outcome of the suit under governing law," while a dispute about a fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 1986. We construe all the evidence and make all reasonable inferences in the light most favorable to Walker. *Scott v. Harris*, 550 U.S. 372, 378 (2007). If the record "could not lead a rational trier of fact to find for [Walker], there is no genuine [dispute] for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*, 475 U.S. 574, 587 (1986) (cleaned up).

## III.

We first consider Walker's claims of discrimination under Title VII. It is unlawful to terminate an employee "because of" her "race…, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Since Walker does not present

direct evidence of discrimination, she must satisfy the *McDonnell Douglas* burden shifting framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-804 (1973); *Sanders v. Christwood*, 970 F.3d 558, 561 (5th Cir. 2020).

Under that framework, Walker must make out a prima facie case of discrimination. *Watkins v. Tregre*, 997 F.3d 275, 281 (5th Cir. 2021). If she succeeds, Harmony Public Schools must respond with a "legitimate, nondiscriminatory reason" for terminating Walker. *Id*. at 282. The burden then shifts back to Walker who must counter with substantial evidence that Harmony Public School's proffered reason is pretextual. *Id*. To establish a prima facie case of discrimination, Walker must show that she (1) is a member of a protected class; (2) was qualified for her position; (3) was subject to an adverse employment action; and (4) that others similarly situated were treated more favorably. *Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 512 (5th Cir. 2001).

Within the fourth element, Walker contends that another white teacher was similarly situated and treated more favorably in that Ms. Huff was retained despite similar misconduct. To prevail under this theory, Walker must raise a question of fact as to whether the disparate employment actions were taken under "nearly identical" circumstances. *See Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009). While each employee's track record does not need to comprise an identical number of infractions, the records must be comparable. Walker presents no evidence that Ms. Huff holds a comparable track record. Walker also fails to show any history of grievances against Ms. Huff as to cause the superintendent to open a similar investigation to that opened against Walker. Rather, the sole complaint against Ms. Huff was by Walker herself.

Turning now to the hostile work environment claim, to establish a prima face case of a hostile work environment, Walker must show (1) she is a

member of a protected class; (2) she suffered unwelcomed harassment; (3) the harassment was based on her membership in a protected class; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known about the harassment and failed to take prompt remedial action. *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002). The court considers the totality of employment circumstances in evaluating whether an environment is objectively hostile, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys.*, 510 U.S. 17, 23 (1993).

Although Walker subjectively felt bullied and harassed, she fails to specify any objectively offensive conduct attributable to her race that was sufficiently severe or pervasive to alter the conditions of her employment. The record contains no evidence that Walker was subjected to race-based comments, slurs, or derogatory remarks. Occasional workplace critiques and banter between two teachers who did not get along are not evidence of the type of hostile workplace environment that is proscribed by Title VII. There is nothing in the record that would allow a reasonable juror to conclude that Walker has put forth summary judgment evidence of actual instances of racially motivated harassment.

Finally, to establish a prima facie case of retaliation Walker must show (1) she participated in a protected activity; (2) her employer took an adverse employment action against her; and (3) a causal link exists between the protected activity and the adverse employment action. *Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 523 (5th Cir. 2008). Walker presented no summary judgment evidence that "but for" her complaint of discrimination she would have not been terminated. To the contrary, summary judgment evidence supports the superintendent's finding that Walker created a toxic work

No. 22-20260

environment by being confrontational and threatening, with the intent and effect of bullying her co-workers. Thus, Harmony Public Schools is entitled to summary judgment on Walker's retaliation claim.

## IV.

Because Walker failed to present any evidence establishing prima facie cases of a hostile work environment, racial discrimination, or a retaliatory motive, Harmony Public School is entitled to summary judgment. We AFFIRM the district court's judgment.